COMMONWEALTH *vs.* VANCE C. ANDERSON. February 5, 1985. *Identification. Error,* Harmless. *Constitutional Law,* Assistance of counsel.

A jury returned guilty verdicts against Anderson on two indictments for armed robbery arising out of the theft of money from the Bess Eaton Donut

---

Shop in Roxbury. The defendant appeals from these convictions on three grounds.

1. The Commonwealth's evidence that Anderson was present in the shop at the time of the robbery consisted of the testimony of four individuals and a videotape and photographs recorded by store surveillance equipment. Two of the witnesses testified that they actually saw Anderson during the robbery. The other two witnesses testified that, after looking at pictures of the robbery, they had recognized the defendant in a Roxbury District Court corridor. They then identified Anderson in court as the individual they had seen in the Roxbury District Court. Defense counsel did not object to the introduction of this testimony; therefore, we review Anderson's contention that noneyewitness in-court identifications were erroneously admitted to determine whether the admission created a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

The noneyewitness testimony amounted to nonexpert opinion evidence on a matter that is for the jury. Because we do not find the necessary conditions that would justify its admission, see *Commonwealth* v. *Vitello,* 376 Mass. 426, 459-460 (1978), this testimony should not have been admitted. We conclude, however, that admission of such testimony on the facts presented here was an error harmless beyond a reasonable doubt. See *Commonwealth* v. *Nassar,* 351 Mass. 37, 41-42 (1966). The videotapes and still photographs upon which the noneyewitnesses based their opinions were introduced in evidence, permitting the jury to decide independently whether the defendant was the person on film. This evidence provided overwhelming support for the jury's verdicts.

2. The defendant argues that the identifications by one of the eyewitnesses should have been suppressed because pretrial identification procedures at the police station, and later at the Roxbury District Court, were impermissibly suggestive. Defense counsel made no motion to suppress testimony concerning these identifications. The defendant did not show that police or prosecutorial suggestiveness was involved in the identification process. See *Commonwealth* v. *Dyer,* 389 Mass. 677, 684 (1983). His only argument is that the circumstances in which one eyewitness identified him were suggestive because the other eyewitness (her spouse) was present at both identifications and conferred with her about the defendant's identity. "The fact that identifications are made by witnesses in the presence of each other does not, by itself, render the procedure impermissibly suggestive." *Commonwealth* v. *Marks,* 12 Mass. App. Ct. 511, 515 (1981).

3. Anderson presses "ineffective assistance of counsel" as a third ground of appeal. Counsel's ineffectiveness, he avers, consisted of his failure to file a pretrial suppression motion with regard to evidence discussed in part 2 hereof, *supra,* failure to object to the introduction of evidence discussed in part 1, *supra,* and eliciting from a police officer on cross-examination the fact that he had arrested Anderson for a crime unrelated to the doughnut shop robbery.

Given that the eyewitness identification testimony was not tainted and that the introduction of "opinion testimony" was harmless error, we do not think that counsel's conduct fell below the standards articulated in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). The record suggests that trial counsel may have brought out the fact that Anderson was arrested for another crime to rebut the prosecution's attempt to suggest that the police considered the doughnut shop case so significant that they made "a concentrated effort to find . . . Anderson." While we are doubtful of the soundness of this strategy, we do not think counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer." Further, Anderson has not shown that he was thereby deprived of an available substantial defense or in any way materially harmed. *Ibid.*

*Judgments affirmed.*

*Ann B. Eldridge* for the defendant.
*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.